# **<u>Exhibit A</u>**

# **<u>Tab 1</u>**

*April 29, 2014*
*LAW*

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number ML 256

Amount Claimed _____

| | |
|---|---|
| DR. ROBERT L. MEINDERS, D.C., LTD., | THE EMERY WILSON CORPORATION, |
| | d/b/a STERLING ANAGEMENT SYSTEMS, |
| | and JOHN DOES 1-12, |
| | VS |
| **Plaintiff(s)** | **Defendant(s)** |

Classification Prefix _____ Code _____ Nature of Action Civil _____ Code L_____

Pltf. Atty. Phillip A. Bock _____ Code 44533
Address 134 N. La Salle St., Ste. 1000
City Chicago, IL _____ Phone 312-658-5500
Add. Pltf. Atty. _____ Code _____

## SUMMONS COPY

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME THE EMERY WILSON CORPORATION
d/b/a Sterling Management Systems
ADDRESS c/o Kevin C. Wilson - Reg. Agent
350 WEST ARDEN, SUITE 105
CITY & STATE GLENDALE CA 91203

☐ **A.** You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS _____ 4-3 20 14

## SEAL

_____ Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____$ |
| Miles _____ . . . . . . . . . .$_____ |
| Total . . . . . . . . . . . . . . . . . . . . .$_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____County

_____, Deputy

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DR. ROBERT L. MEINDERS, D.C., LTD., )
individually and as the representative of a )
class of similarly-situated persons, )
)
Plaintiff, )
)
v. )
)
THE EMERY WILSON CORPORATION, )
d/b/a STERLING MANAGEMENT )
SYSTEMS, and JOHN DOES 1-12, )
)
Defendants. )

FILED
ST. CLAIR COUNTY

APR 0 3 2014

67          CIRCUIT CLERK

No.

$14 L 256$

## CLASS ACTION COMPLAINT

Plaintiff, DR. ROBERT L. MEINDERS, D.C., LTD. ("Plaintiff"), brings this

action on behalf of himself and all other persons similarly situated, through his

attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys,

which allegations are based upon personal knowledge, alleges the following upon

information and belief against Defendants, THE EMERY WILSON

CORPORATION, d/b/a STERLING MANAGEMENT SYSTEMS ("Sterling"), and

JOHN DOES 1-12, collectively ("Defendants"):

### PRELIMINARY STATEMENT

1.     This case challenges Sterling's practice of faxing unsolicited

advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227 (the

"TCPA"), prohibits a person or entity from faxing or having an agent fax

advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). Moreover, the TCPA mandates that if a person or entity sends a fax advertisement it must always include a very specific opt-out notice that is clearly and conspicuously included on the first page of the advertisement. *See* 47 U.S.C. § (b) (2) (D). The TCPA provides a private right of action and provides statutory damages of $500 - $1,500 per violation.

3.     Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA").

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

6.     Plaintiff is a resident of, and conducts business in, St. Clair County, Illinois.

2

7.    Defendant, Sterling, has its headquarters in Glendale, CA and conducts business in St. Clair County, Illinois.

8.    Plaintiff sued Defendants John Does 1-12 because it is not clear whether any entities or persons other than Sterling had a high degree of involvement with the transmission of the subject fax advertisements, or benefitted from the transmissions.

9.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Sterling has transacted business and committed tortious acts related to the matters complained of herein.

10.    Venue is proper in St, Clair County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in St. Clair County, Illinois.

### FACTS

11.    On or about March 2, 2013, Defendants sent, or caused to be sent, an unsolicited fax advertisement that advertised Sterling's goods, products, or services. A copy of the subject fax advertisement is attached as Exhibit A.

12.    Plaintiff did not invite or give permission, to anyone, to send Exhibit A to him.

13.    At some time in 2013, Defendants sent, or caused to be sent, an unsolicited fax advertisement that advertised Sterling's goods, products, or services. A copy of the subject fax advertisement is attached as Exhibit B.

3

14.     Plaintiff did not invite or give permission, to anyone, to send <u>Exhibit B</u> to him.

15.     <u>Exhibit A</u> and <u>Exhibit B</u> do not contain a proper opt-out notice pursuant to the TCPA.

16.     On information and belief, Sterling sent the same facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. This is based, in part, on the fact that the subject faxes were not addressed to anyone in particular, that Plaintiff never gave permission to anyone to send the subject faxes advertisement to him, and that sending advertisements by fax is an inexpensive way to reach many persons.

17.     There is no reasonable means for Plaintiff (or any other putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

18.     This action has been brought, and may be properly maintained, under 735 ILCS 5/2-801. This action satisfies the class action prerequisites of numerosity, common questions of law or fact predominate over individual questions, the representative parties will fairly and adequately protect the interests of the Class, and the class action is an appropriate method for the fair and efficient adjudication of the controversy.

19.     Plaintiff brings this action as a class action on behalf of himself and all others similarly situated as members of the Class, initially defined as follows:

4

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of The Emery Wilson Corporation, and (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes.

20.    Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

21.    <u>Numerosity/Impracticality of Joinder</u>:  On information and belief, the Class consists of more than thirty-nine people and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties.

22.    <u>Questions of Law or Fact Common to the Class</u>:  There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

a.    Whether Defendants sent unsolicited fax advertisements;

b.    Whether <u>Exhibit A</u> advertised the commercial availability of property, goods or services;

5

c. Whether Exhibit B advertised the commercial availability of property, goods or services;

d. The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited fax advertisements;

e. The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit B and other unsolicited fax advertisements;

f. Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation

g. Whether Defendants' faxes omitted an opt-out notice;

h. Whether Defendants violated the TCPA by omitting an opt-out notice;

i. Whether Plaintiff and the other Class members are entitled to statutory damages;

j. Whether Defendants should be enjoined from faxing advertisements in the future;

k. Whether the Court should award trebled damages;

l. Whether Defendants' conduct as alleged herein constituted conversion;

m. Whether Defendants' conduct was unfair under ICFA; and

n.    Whether Defendants' conduct as alleged herein constituted a

violation of the Illinois Consumer Fraud and Deceptive Business

Practices Act.

23.    <u>Fair and Adequate Representation</u>:  Plaintiff will fairly and adequately

protect the interests of the Class. Plaintiff does not have any interests adverse to

the Class. Plaintiff has retained counsel who are experienced in class action

litigation to represent him in this action.

24.    <u>Appropriateness</u>:  A class action is an appropriate method for the fair

and efficient resolution of this controversy.

25.    Plaintiff envisions no difficulty in the management of this action as a

class action.

<u>COUNT I</u>
<u>TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227</u>

26.    Plaintiff incorporates the preceding paragraphs as though fully set

forth herein.

27.    Plaintiff brings Count I on behalf of himself and a class of similarly

situated persons.

28.    The TCPA prohibits the "use of any telephone facsimile machine,

computer or other device to send an unsolicited advertisement to a telephone

facsimile machine...." 47 U.S.C. § 227 (b) (1).

29.    The TCPA defines "unsolicited advertisement," as "any material

advertising the commercial availability or quality of any property, goods, or services

7

which is transmitted to any person without that person's express invitation or

permission." 47 U.S.C. § 227 (a) (4).

30.  The TCPA provides:

> 3.  <u>Private right of action</u>. A person may, if
> otherwise permitted by the laws or rules of court of a
> state, bring in an appropriate court of that state:
>
>> (A)  An action based on a violation of this
>> subsection or the regulations prescribed under this
>> subsection to enjoin such violation,
>
>> (B)  An action to recover for actual
>> monetary loss from such a violation, or to receive
>> $500 in damages for each such violation, whichever
>> is greater, or
>
>> (C)  Both such actions.

31.  The Court, in its discretion, can treble the statutory damages if the

violation was knowing.  47 U.S.C. § 227.

32.  Defendants violated the 47 U.S.C. § 227 et seq. by sending

advertisements by fax (such as <u>Exhibit A</u>) to Plaintiff and the other Class members

without first obtaining their prior express invitation or permission and by not

displaying a proper opt-out notice as required by the TCPA.

33.  The TCPA is a strict liability statute and Defendants are liable to

Plaintiff and the other Class members even if their actions were negligent.

34.  Defendants knew or should have known that Plaintiff and the other

Class members had not given express invitation or permission for Defendants or

anybody else to fax advertisements about Sterling's goods, products, or services,

that Plaintiff and the other Class members did not have an established business

8

relationship with Defendants, that <u>Exhibit A</u> and <u>Exhibit B</u> are advertisements, and that <u>Exhibit A</u>, <u>Exhibit B</u>, and the other advertisements Defendants sent did not display the proper opt-out notice as required by the TCPA.

35.     Defendants' actions caused damages to Plaintiff and the other Class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and his employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of <u>Exhibit A</u> and <u>Exhibit B</u> occurred outside Defendants' premises.

36.     Even if Defendants did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Sterling's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00-$1,500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

37.    Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

38.    Plaintiff brings Count II on behalf of himself and a class of similarly situated persons.

39.    By sending Plaintiff and the other Class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to their own use.

40.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other Class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

10

41.    By sending the unsolicited faxes, Defendants permanently misappropriated the Class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

42.    Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

43.    Plaintiff and the other Class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

44.    Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

45.    Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

46.    Plaintiff brings Count III on behalf of himself and a class of similarly situated persons.

47.    Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

48.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

49.    Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

50.    Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the

time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorneys' fees and costs; and

D.     That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers.

Respectfully submitted,

DR. ROBERT L. MEINDERS, D.C., LTD.,
individually and as the representative of a
class of similarly-situated persons,

By: _____
One of his attorneys

Robert J. Sprague
SPRAGUE and URBAN
26 E. Washington Street
Belleville, IL 62220
Telephone: 618/233-8383

Phillip A. Bock
James M. Smith
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

# EXHIBIT A



ATTEND THE UPCOMING STERLING WORKSHOP IN

# Minneapolis, MN

*March 23-24, 2013*

*BRAND NEW TOPICS!*

# Get Revitalized About Running Your Practice!

**Ignite your purpose and passion for your practice with these invigorating seminars:**

*For Staff* How to Get Motivated: We show your staff how to take ownership of their jobs and why they will be happier when they do.

*For Staff* - How to Get Much More Done in Less Time: Your staff discover the secrets of efficiency to rocket productivity.

*For Staff* - How You Can Have Fun as a Team Member with Higher Production: Your staff learn how being caring, productive team members makes work more fun.

*For Staff* - How You Can Keep Customers Coming Back: Discover simple and fun ways to keep your customers coming back again and again.

How to Set and Achieve Your Goals: Learn the exact tools you need for correctly defining your goals and working out how to achieve them.

How to Hire, Motivate and Keep the Best Staff: Discover how to find, identify and retain the highest-quality staff.

How to Sell Customers the Services They Need: Find out how to effectively enlighten your customers on the services they need to improve their lives.

How to Manage Your Finances and Create Wealth in Your Practice: Discover the secrets to accumulating wealth through your practice.

## And more! See the attached agenda for the full program.

 *Hear how our most successful practices grew to stellar heights! Million-Dollar Roundtable with Case Studies.*

**To get the maximum benefit from your Sterling program, register now for this workshop.**

Call 800-325-6364
or info@sterling.us



*These workshops are provided at no charge to all clients who are on or have completed our Sterling programs.*

# STERLING WORKSHOP – AGENDA

## DATES & LOCATION:

| Hotel Location | Radisson Plaza Hotel:35 South 7th Street, Minneapolis, MN 55402 |
|---|---|
| | Phone: 612-339-4900 • Fax: 612-337-9798 |
| | URL: www.radisson.com/minneapolismn_plaza |
| | Ask for group rate for Sterling. |

## SATURDAY, MARCH 23, 2013:

| 8:15 - 8:45 A.M. | Registration |
|---|---|
| 8:45 - 9:00 A.M. | Introductions |
| 9:00 - 11:45 A.M. | (All Welcome) How to Get Motivated |
| 9:00 - 11:45 A.M. | (Advanced) How to Set and Achieve Your Goals |
| 1:00 - 4:30 P.M. | (All Welcome) How to Get Much More Done in Less Time |
| 1:00 - 4:30 P.M. | (Advanced) How to Hire, Motivate and Keep the Best Staff |
| 4:45 - 6:00 P.M. | Million-Dollar Roundtable with Case Studies |
| 4:45 - 6:00 P.M. | Group Consultations for Owners and Staff |

## SUNDAY, MARCH 24, 2013:

| 8:15 - 8:45 A.M. | Registration |
|---|---|
| 9:00 - 11:45 A.M. | (All Welcome) How to Have Fun as a Team with Higher Production |
| 9:00 - 11:45 A.M. | (Advanced) How to Sell Customers the Services They Need |
| 1:00 - 4:00 P.M. | (All Welcome) How You Can Keep Customers Coming Back |
| 1:00 - 4:00 P.M. | (Advanced) How to Manage Your Finances and Create Wealth in Your Practice |

## ACCOMMODATIONS RATE:

Group rate for Sterling clients: $129 1 King or 2 Queens. Cutoff date: March 1, 2013.

## FLIGHTS & TRANSPORTATION:

Book flights to Minneapolis St. Paul International Airport, 20-25 minutes from downtown (where hotel is located). The hotel recommends Super Shuttle: $20 from Minneapolis St. Paul airport. Taxi Cab 612-721-0000 $30-$40 from Minneapolis St. Paul International Airport to downtown.

## PARKING

Parking: $19 overnight (In & Out privileges)

## PREPARATION TIPS:

Attire is casual. Please don't consume any alcohol or drugs at least 24 hours prior to your arrival at the workshop. This applies to the entire weekend. "Drugs" include things such as aspirin, cold medicine, etc., as they will affect your alertness as a student. (This does not apply to prescription medication from your physician.)

©2013 STERLING. All rights reserved. STERLING is a trademark and the subject of items of pending certificates.

# EXHIBIT B

# STERLING ™

### 350 WEST ARDEN AVENUE – GLENDALE, CALIFORNIA 91203
*Phone:* (800) 325-6364 ext 217 *Fax:* (818) 241-4837

## *SPECIAL INVITATION*
## *PLEASE PLACE ON OWNER'S DESK*

### Chicago, IL Workshop
### June 22-23, 2013

Dear Sterling Client,

We still have a few more seats available at our upcoming Workshop in Chicago, IL on June 22-23, 2013! The workshop will be held at the Avenue Crowne Plaza in downtown Chicago. We'd love to have you there!

This workshop is free for you and your staff to attend as part of your program with us, so we hope you will take advantage of this! Don't forget, you can also receive a free consult at the workshop.

To register for this workshop, please fill in the bottom of this page and fax it back to (818) 241-4837 right away. Feel free to call me anytime at (800) 325-6364 ext 216 if you would like more information. Thanks, and I hope we will see you there!

Best,

Joshua Gillion
Workshop Coordinator
(800) 325-6364 ext 216

___ *YES!* **I will attend the workshop in Chicago, IL, on June 22-23!**

Name: _____

Phone number: _____

Signature: _____



## Attend the Upcoming Sterling Workshop in

# Chicago, IL

### June 22-23, 2013
### At the Avenue Crowne Plaza

# Get Revitalized About Running Your Practice!

**Ignite your purpose and passion for your practice with these invigorating seminars:**

*For Staff* - How to Get Motivated: We show your staff how to take ownership of their jobs and why they will be happier when they do.

*For Staff* - How to Effectively Communicate on the Job: Your staff learn the communication basics for smoother relations with customers, other staff and you.

*For Staff* - How to Get More Bonuses and Rewards Through Increased

Production: We show your staff how top job performance earns bonuses and rewards.

*For Staff* - How You Can Help the Practice Get More Business: We teach your staff how they each contribute to the growth of the practice.

How to Set and Achieve Your Goals: Learn the exact tools you need for correctly defining your goals and working out how to achieve them.

How to Hire, Motivate and Keep the Best Staff: Discover how to find, identify and retain the highest-quality staff.

How to Market to Get Ideal Customers: Learn how to attract and acquire the type of customers you need and want.

How to Boost Income and Cut Expenses: Find out how to clamp down on costs, including which costs, while boosting income for greater profitability.

## And more! See the attached agenda for the full program.

 *Hear how our most successful practices grew to stellar heights! Million-Dollar Roundtable with Medical & Accounting Case Studies*

To get the maximum benefit from your Sterling program, register now for this workshop.

Call 800-325-6364 or info@sterling.us



*These workshops are provided at no charge to all clients who are on or have completed our Sterling programs.

# STERLING WORKSHOP ~ AGENDA

## DATES & LOCATION:

| Hotel Location | Avenue Crowne Plaza: Address: 160 E. Huron, Chicago, IL 60611 Phone: (312) 787-2900 • Fax: (312) 787-6093 URL: www.avenuehotelchicago.com Email: fun@avenuehotelchicago.com Ask for group rate for Sterling. |
|---|---|

## SATURDAY, JUNE 22, 2013:

| 8:15 - 8:45 A.M. | Registration |
|---|---|
| 8:45 - 9:00 A.M. | Introductions |
| 9:00 - 11:45 A.M. | (All Welcome) How to Get Motivated |
| 9:00 - 11:45 A.M. | (Advanced) How to Set and Achieve Your Goals |
| 1:00 - 4:30 P.M. | (All Welcome) How to Effectively Communicate on the Job |
| 1:00 - 4:30 P.M. | (Advanced) How to Hire, Motivate and Keep the Best Staff |
| 4:45 - 6:00 P.M. | Million-Dollar Roundtable with Medical & Accounting Case Studies |
| 4:45 - 6:00 P.M. | Group Consultations for Owners and Staff |

## SUNDAY, JUNE 23, 2013:

| 8:15 - 8:45 A.M. | Registration |
|---|---|
| 9:00 - 11:45 A.M. | (All Welcome) How to Get More Bonuses and Rewards Through Increased Production |
| 9:00 - 11:45 A.M. | (Advanced) How to Market to Get Ideal Customers |
| 1:00 - 4:00 P.M. | (All Welcome) How You Can Help the Practice Get More Business |
| 1:00 - 4:00 P.M. | (Advanced) How to Boost Income and Cut Expenses |

## ACCOMMODATIONS RATE:

| Group rate for Sterling clients: King $279/night, Corner Suite $279/night Cut Off Date: May 22, 2013 |
|---|

## FLIGHTS & TRANSPORTATION:

| O'Hare International Airport (ORD) - 18 miles, approx. 30 min drive. Airport Express Shuttle: $25-$30 (one passenger) cost increases with each passenger. Taxi (Yellow Cab): $40-$45 Midway International Airport (MDW) - 18 miles, approx. 30 min drive. Airport Express Shuttle: $26 (one passenger) cost increases with each passenger. Taxi (Yellow Cab): $30-$35 |
|---|

## PARKING:

| Parking: $22 Day Rate. $50 overnight parking |
|---|

## PREPARATION TIPS:

| Attire is casual. Please don't consume any alcohol or drugs at least 24 hours prior to your arrival at the workshop. This applies to the entire weekend. "Drugs" include things such as aspirin, cold medicine, etc., as they will affect your alertness as a student. (This does not apply to prescription medication from your physician.) |
|---|

©2012 STERLING. All Rights Reserved. STERLING is a trademark and is used with the licensor's permission. 79843

# **Tab 2**

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

```
FILED
ST. CLAIR COUNTY
APR 0 3 2014
67          CIRCUIT CLERK
```

DR. ROBERT L. MEINDERS, D.C., LTD., )
individually and as the representative of a )
class of similarly-situated persons, )
                                )
           Plaintiff, )
                                ) No.
       v. )
                                  )   14-L-256
THE EMERY WILSON CORPORATION, )
d/b/a STERLING MANAGEMENT )
SYSTEMS, and JOHN DOES 1-12, )
                                  )
           Defendants. )

## PLAINTIFFS MOTION FOR CLASS CERTIFICATION

Plaintiff, DR. ROBERT L. MEINDERS, D.C., LTD. ("Plaintiff"), by his attorneys, respectfully moves this Court, pursuant to 735 ILCS 5/2-801 *et seq.*, to certify the following class:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of The Emery Wilson Corporation, and (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes.

Although Plaintiff files this motion for class certification now, it is not prepared to file a memorandum in support of this motion as it still must pursue class certification discovery. As a result, Plaintiff requests leave to submit a brief and other evidence in support of this motion after discovery as to class certification is complete.

WHEREFORE, Plaintiff prays that this Court enter an order pursuant to 735 ILCS 5/2-801 certifying the class.

April 3, 2014

Respectfully submitted,

DR. ROBERT L. MEINDERS, D.C., LTD., individually and as the representative of a class of similarly-situated persons,

By: _____
One of his attorneys

Robert J. Sprague
SPRAGUE and URBAN
26 E. Washington Street
Belleville, IL 62220
Telephone: 618/233-8383

Phillip A. Bock
James M. Smith
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

2

# **Tab 3**

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## ST CLAIR COUNTY, ILLINOIS

### INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| MEINDERS VS THE EMERY WILSON | 14-L-0256 |
| --- | --- |

TO:   EMERY WILSON CORPORATION
      350 WEST ARDEN SUITE 105
      CO KEVIN C WILSON REG AGENT CO KEVIN WILSON REG AGENT
      GLENDALE,  CA   91203

FILED
ST. CLAIR COUNTY
MAY - 7 2014
48
CIRCUIT CLERK

Date : 7/15/2014          Time : 9:30 AM          Room : 401

The above-styled case is assigned to:  HON. ROBERT P. LECHIEN.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63