IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. ROBERT L. MEINDERS, D.C., LTD., individually and as the representative of a class of similarly situated persons,<br><br>          Plaintiff,<br><br>v.<br><br>THE EMERY WILSON CORPORATION, d/b/a STERLING MANAGEMENT SYSTEMS, and JOHN DOES 1-12,<br><br>          Defendants. | Case No. 14-cv-0596-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant The Emery Wilson Corporation d/b/a Sterling Management System's (hereinafter "Emery") Motion to Stay (Doc. 36). For the following reasons, the Court DENIES Defendant's Motion.

Plaintiff has brought claims against Defendant alleging violations of the Telephone Consumer Protection Act arising out of the alleged receipt of unsolicited advertisements via fax that failed to contain an "opt-out" notice as required by the TCPA. Defendant filed for a retroactive waiver with the Federal Communication Commission on November 10, 2014. If granted, the waiver would excuse Defendant from having failed to include an "opt-out" provision in faxes where receivers of the faxes had previously granted permission for the faxes to be sent to them.

The Supreme Court has stated "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). The "[p]ower to stay proceedings is incidental to power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for

1

counsel, and for litigants." *Id*. at 254. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." See *Tonn & Blank Const., LLC v. Sebelius*, 968 F. Supp. 2d 990, 992-93 (N.D. Ind. 2013) (citing Landis, 299 U.S. at 254-55).

Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. See *Abbott Labs. v. Matrix Labs.*, 2009 WL 3719214, at *2 (N.D. Ill. Nov. 5, 2009).

In this case, a stay is not warranted. Waiting for a determination on the requested waiver will not simplify the issues in question, streamline the trial, or reduce the burden of litigation on the parties or on the court. Furthermore, Defendant has not shown any hardship or inequity in being required to proceed. Because Defendant is not disputing that there was no "opt-out" clause on the faxed advertisements, there is no increased burden of discovery with respect to that issue. Rather, the bulk of the discovery will involve the issue of whether the advertisements were unsolicited. At this point, a stay would only prolong this case unnecessarily. Accordingly, Defendant's Motion for a Stay (Doc. 36) is DENIED.

**IT IS SO ORDERED.**

**DATED: February 5, 2015**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**