# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DR. ROBERT L. MEINDERS, D.C., LTD., individually and as the representative of a class of similarly situated persons, | ) ) ) | |
| | ) | Case No. 14-cv-00596 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Staci M. Yandle |
| | ) | |
| THE EMERY WILSON CORPORATION, d/b/a STERLING MANAGEMENT SYSTEMS, and JOHN DOES 1-12, | ) ) ) | Magistrate Judge Stephen C. Williams |
| | ) | |
| Defendants. | ) ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT**
**OF ITS AMENDED MOTION CLASS CERTIFICATION**

Plaintiff, Dr. Robert L. Meinders, D.C., LTD. ("Plaintiff"), by counsel, submits this Reply Memorandum in Support of its Motion for Class Certification.

**ARGUMENT**

Defendant, The Emery Wilson Corporation d/b/a Sterling Management Systems ("Defendant")'s Response to Plaintiff's Motion for Class Certification (Doc. 72) outlines a number of reasons to deny class certification – all of which were addressed in Plaintiff's original Motion for Class Certification ("Motion"). *See* Doc. 69. Contrary to Defendant's contentions, Plaintiff has satisfied all necessary requirements of Rule 23. Thus, as Plaintiff will outline below, and for all the reasons stated in Plaintiff's opening brief, the Court should grant class certification.

**I.      Plaintiff has demonstrated numerosity**

Defendant argues that class certification is inappropriate because Plaintiff has not

provided sufficient evidence to satisfy the "numerosity" requirement, and instead is relying upon "mere speculation." Doc. 72, pp. 9-10. Defendant misapprehends both the evidence presented and the standard for "numerosity."

"Rule 23 requires that a class be so numerous that joinder of all members is impracticable. Plaintiffs are not required to specify the exact number of persons in the class, nor are plaintiffs required to establish the exact identity of the class members." *Chapman v. Wagener Equities, Inc.*, No. 09 C 07299, 2014 WL 540250, at *7 (N.D. Ill. Feb. 11, 2014) <u>leave to appeal denied sub nom.</u> <u>Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities Inc.</u>, 747 F.3d 489 (7th Cir. 2014); *see also C-Mart, Inc. v. Metro. Life Ins. Co.*, 299 F.R.D. 679, 689 (S.D. Fla. 2014) (citations omitted) ("Rule 23(a)(1) imposes a generally low hurdle, and a plaintiff need not show the precise number of members in the class.") Instead, the Seventh Circuit has allowed Plaintiffs to present fax transmission records that chronicle a defendant's fax broadcasting activity in order to satisfy this requirement. *See Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013), <u>reh'g denied</u> (Sept. 24, 2013), <u>cert. denied sub nom.</u> *Turza v. Holtzman*, 134 S. Ct. 1318, 188 L. Ed. 2d 306 (2014). Moreover, a plaintiff need not provide a precise number, as a court may draw reasonable inferences from the facts presented to find the requisite numerosity. *See Hammond for Hammond v. Hendrickson*, No. 85 C 9829, 1986 WL 8437, at *1 (N.D. Ill. July 30, 1986); *Reid v. Donelan*, 297 F.R.D. 185, 189 (D. Mass.) <u>enforcement granted,</u> 64 F. Supp. 3d 271 (D. Mass. 2014).

In *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013), <u>reh'g denied</u> (Sept. 24, 2013), <u>cert. denied sub nom.</u> *Turza v. Holtzman*, 134 S. Ct. 1318, 188 L. Ed. 2d 306 (2014), the Seventh Circuit upheld the District Court's ruling that numerosity was satisfied by the presentation of fax transmission records that showed 11,945 faxes sent to 221 unique numbers,

despite defendant's protests that there was no way to demonstrate the accuracy of the records.

Here, just as in *Holtzman v. Turza*, Plaintiff also presents fax transmission records to satisfy the numerosity requirement. *See* Doc. 69, Ex. L. Defendant's employees' own testimony establishes that the numbers associated with these records are used primarily for faxing advertisements on behalf of Defendant. Doc. 69, Ex. F at 51:9-15, 52:10-12, 69:13-74:2; Ex. G at 46:15-22, 48:20-49:6, 58:18-23. Therefore, the proffered records identify the number and identity of the putative class members – which easily numbers in the thousands. From these records, the court can draw a reasonable inference that Plaintiff's proposed class satisfies the numerosity requirement. Thus, it is clear that Plaintiff is relying upon definitive fax transmission records to establish numerosity and not upon "mere speculation" as Defendant claims.[1]

## II.    Plaintiff has satisfied the "commonality" requirement

Defendant argues that Plaintiff is unable to satisfy the "commonality" requirement of Rule 23(a). Defendant is mistaken. It is well established that, in order for commonality to be satisfied, it "is enough that there be one or more common questions of law or fact." *Chapman v. Wagener Equities, Inc.*, No. 09 C 07229, 2014 WL 540250, *11 (N.D. Ill. Feb. 11, 2014) (citing *Spano v. The Boeing Co*, 633 F.3d 589, 594 (7th Cir. 1998)). Here, Plaintiff has more than satisfied this standard, demonstrating numerous common questions of both law and fact shared by Plaintiff and the putative class. *See* Doc. 62, pp. 13-15. Most notably, there is a common question of whether Defendant's faxes contained the proper opt-out notice required by the

---

[1] Defendant also claims that it did not have a "consistent practice of sending fax advertisements," but this claim is belied by the testimony of Defendant's employee, Justin Gillion, as well as the records themselves. Doc. 72, p. 9. When asked, "[w]ould it be fair to say that you sent out flyers via fax every day[,]" Mr. Gillion responded, "[p]robably most days." Doc. 69, Ex. G. at 58:18-23. This is confirmed by Defendant's fax transmission records, which demonstrate Defendant sending upwards of two thousand faxes in a single day. *See* Doc. 69, Ex. L, M. This is the very definition of "consistent," and Defendant's protestations otherwise cannot be taken seriously.

Telephone Consumer Protection Act ("TCPA").[2]

### a. The fact that Defendant has produced some faxes that may not be deemed "advertisements" does not defeat commonality

Defendant argues that the class definition fails because some putative class members may have received non-actionable transaction communications and there is no way to determine if any of the faxes sent qualify as non-actionable. Doc. 72, pp. 10-11. This argument has been rejected by the Seventh Circuit. Indeed, in *Mullins v. Direct Digital*, the Seventh Circuit held that Plaintiff is not required to provide a method for identifying which class members received actionable and non-actionable faxes. *See Mullins v. Direct Digital*, LLC, 795 F.3d 654, 659-61 (7th Cir.2015). Instead, the Seventh Circuit only requires Plaintiff to define the class with reference to an objective criteria. *Id*. As Plaintiff has done so, the Court should grant Plaintiff's Motion for Class Certification. *See* Doc. 69, pp. 11.

### b. There is a common nucleus of operative facts which necessitates class certification.

Defendant further argues that the commonality requirement cannot be found because there is no common nucleus of operative facts, as client information was curated in many different ways and clients were sent different forms of the fax advertisement. Doc. 72, pp. 11-12.

---

[2] Defendant claims that its failure to include a proper opt-out notice on its fax advertisements is a moot point, as it obtained a waiver from the Federal Communications Commission ("FCC"). *See* Doc. 72, fn 4. Defendant's argument fails because Defendant's fax advertisement can only evade the opt-out notice if the recipient had given prior express permission or consent to Defendant. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 8598 (2015). If, however, a fax recipient did not provide consent, but instead only had an existing business relationship ("EBR") with Defendant, then the opt-out requirement is still in effect. *Id*. Here, by Defendant's own admission, it does not have the records to establish consent with any of the putative class members. Doc. 72, p. 20. Moreover, Defendant claims that it had an EBR with every putative class member. Doc. 72, p. 3. Therefore, because Defendant is unable to show consent, and instead can only demonstrate an EBR with putative class members, every fax advertisement sent out must contain the proper opt-out language, as required by the TCPA. Thus, a common question for the putative class is whether Defendant's fax advertisements complied with the TCPA's opt-out notice requirements.

The commonality requirement is usually satisfied where "the defendants have engaged in standardized conduct towards members of the proposed class." *Chapman v. Wagener Equities, Inc.*, No. 09 C 07229, 2014 WL 540250, *11 (N.D. Ill. Feb. 11, 2014). "The commonality requirement does not, however, demand that every member of the class have an identical claim. It is enough that there be one or more common questions of law or fact. The fact that there is some factual variation among the class grievances will not defeat a class action." *Id*. (citations omitted). "To demonstrate commonality, plaintiffs must show that class members have suffered the same injury." *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.*, No. 3:13-CV-00489-TBR, 2014 WL 2946421, at *13 (W.D. Ky. June 30, 2014) (citations omitted).

In *G.M. Sign, Inc. v. Brink's Mfg. Co.*, No. 09 C 5528, 2011 WL 248511 (N.D. Ill. Jan. 25, 2011), the Northern District of Illinois found commonality where Defendant engaged in the standardized course of conduct by sending advertising faxes to the recipients identified on its telephone bills and the court identified common questions of law and fact.[3] The common questions in *G.M. Sign* included, "whether Defendant's fax form was an 'advertisement,' whether Defendant violated the TCPA by failing to obtain prior express consent; whether Defendant violated the TCPA by failing to include an opt-out notice on its form fax; whether class members are entitled to statutory damages and whether Defendant's acts were 'knowing' under the TCPA[.]" *Id*. at *5.

In the case at bar, Defendant conducted a coordinated fax broadcasting effort over a number of years wherein it sent out unsolicited fax advertisements without the required "opt-out" language to persons in either in their "central file" or "dead file" databases in violation of the TCPA. While the putative class members may have had their information gathered in different

---

[3] Class certification was ultimately denied on predominance grounds, but as Plaintiff outlines below, the current case clearly meets the standard for predominance.

ways, they all share core facts and a common injury – Defendant sent them unsolicited fax advertisements in violation of the TCPA. Moreover, as detailed in Plaintiff's Motion for Class Certification, they all share numerous common questions of law and fact that demonstrate commonality throughout the class. *See* Doc. 69, pp 13-15. Therefore, Plaintiff has fulfilled the necessary criteria to satisfy "commonality."

Defendant argues that consent is individualized and cannot be inferred on a class basis, and therefore commonality is destroyed. Doc. 72, pp. 12. Courts in the Seventh Circuit have established that consent is a defense to the plaintiff's claim and is therefore more appropriately considered in the context of the adequacy of the plaintiff to represent the class. *Chapman*, No. 09 C 07229, 2014 WL 540250 at *13. When determining commonality and typicality, the court should look to the defendant's *actions*, not to particularized defenses it might have against certain class members. *Id*. Here, Defendant's actions are the same as to all the putative class members. Thus, commonality is satisfied.

### c. **Plaintiff's claims are not atypical, and therefore class certification is proper**

Defendant further argues that Plaintiff's claims are atypical because they are subject to a unique "consent" defense, and therefore class certification is improper. Doc. 72, pp. 12-13. Defendant contends that Plaintiff may be subject to the defense of "prior express permission" because it is *possible* that Plaintiff provided its fax number to Defendant back in 1987, and it is *possible* that Defendant called Plaintiff before sending the subject faxes. Doc. 72, pp. 12-13. Defendant fails to provide *any* evidence to substantiate these claims, which are in clear contradiction to Plaintiff's own declarations on its interaction with Defendant. Doc. 69, pp. 6. Because Defendant is basing its contention solely on a number of unsubstantiated hypotheticals, its argument fails.

In order for Defendant to defeat class certification, it must provide more than mere speculation at the possibility that Plaintiff's claims are atypical. See, e.g., *Bridgeview Health Care Ctr. Ltd. v. Clark*, No. 09 C 5601, 2011 WL 4628744, at \*4 (N.D. Ill. Sept. 30, 2011); *G.M. Sign, Inc. v. Grp. C Commc'ns, Inc.*, No. 08-CV-4521, 2010 WL 744262, at \*3 (N.D. Ill. Feb. 25, 2010); *Hinman v. M & M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 806 (N.D. Ill. 2008). Defendant fails to meet this standard. As a result, Defendant's unsubstantiated claims, in clear contradiction to the evidence proffered by both parties, cannot preclude class certification.

Defendant relies upon *Davies v. W.W. Grainger, Inc.*, Case No. 13-cv-3546, 2014 WL 2935905 (N.D. Ill. June 27, 2014), but *Davies* is distinguishable. In *Davies*, the plaintiff not only was a regular customer of the defendant, but also admitted that it is possible that he consented to receiving fax advertisements from the defendant. *Id.* at \*3. Moreover, the plaintiff admitted that he understood the opt-out requirement on the fax advertisement sent to him. *Id.* Conversely, in the case at bar, Plaintiff has never given any indication that it consented to receiving the fax advertisements sent from Defendant. Moreover, the fax advertisements sent to Plaintiff didn't even contain an opt-out notice. *See* Doc. 69, Ex. J. Here, unlike in *Davies*, Defendant has failed to provide a scintilla of evidence that would support its contention that Plaintiff's claim is atypical. Thus, *Davies* is distinguishable, and the Court should grant Plaintiff's Motion.

### III.     The proposed class satisfies the predominance requirement.

As outlined in Plaintiff's opening brief, common issues of law and fact predominate in this action. *See* Doc. 69, pp.13-15, 17. Indeed, the weight of authority in the Seventh Circuit promotes the principle that, where there is a TCPA case involving fax broadcasting, common questions of law and fact predominate over individualized inquiries. *See CE Design Ltd. v. King Architectural Metals, Inc.*, 271 F.R.D. 595, 600 (N.D.Ill.2010) (collecting cases). In the case at

bar, Defendant has failed to provide any substantive reason to deviate from that principle. Therefore, the Court should find that predominance exists and grant Plaintiff's Motion.[4]

Defendant argues that individualized issues of consent predominate over the common questions of law and fact, and therefore preclude class certification. Doc. 72, pp. 15-20. Defendant is incorrect. As Plaintiff has outlined in its opening brief, the common factual issues and common questions of law predominate in this action. Doc. 69, pp. 17. Moreover, courts in the Seventh Circuit have been clear that, due to the nature of TCPA actions, even where there are individual questions as to consent, common issues predominate. *See, e.g.*, *Mussat v. Glob. Healthcare Res., LLC*, No. 11 C 7035, 2013 WL 1087551, at *7 (N.D. Ill. Mar. 13, 2013); *Reliable Money Order, Inc. v. McKnight Sales Co.,* 281 F.R.D. 327, 337 (E.D.Wis.2012); *Bridgeview Health Care Ctr. Ltd. v. Clark,* No. 09 C 5601, 2011 WL 4628744, at *5 (N.D.Ill. Sept.30, 2011).

Defendant argues that, because it culled customer information from numerous sources and failed to keep accurate records of whether a recipient gave proper consent, this case necessitates individualized inquiries that will predominate over the common questions of law and fact. Doc. 72, pp. 15-20. Courts in this circuit, however, have dealt with and rejected these same arguments against predominance.

---

[4] Defendant first argues that predominance cannot exist because there would need to be an individualized inquiry into whether each recipient received a fax "advertisement," as defined by the TCPA, or a non-promotional fax transmission. Doc. 72, pp. 14-15. As Plaintiff has outlined in its opening brief, however, there are numerous issues of law and fact that predominate in this action. Doc. 69, pp. 13-15, 17. Moreover, the Seventh Circuit has been clear that, while there may be challenges in identifying some class members due to administrative burdens, a court should refrain from refusing to certify a class merely on the basis of manageability concerns. *See Mullins v. Direct Digital*, LLC, 795 F.3d 654, 663-65 (7th Cir.2015).

In *CE Design Ltd. v. King Architectural Metals, Inc.*, 271 F.R.D. 595 (N.D.Ill.2010)[5], the defendant conducted a fax advertising campaign after culling names and fax numbers from a number of different sources, including purchased lists, mail, email and telephone requests. *Id*. at 597, 600. When fighting against class certification, the defendant claimed that, because it did not track information concerning which fax recipients had consented and which had not, the court would need to conduct individualized inquiries that would predominate over common questions of law and fact. The Northern District of Illinois rejected this argument, holding that the weight of authority in the Seventh Circuit is in favor of class certification. *Id*. at 600. Moreover, the court was adamant that a defendant's "failure to keep orderly records should not be permitted to foil class certification motions." *Id*.

In the same vein as *CE Design*, common issues of fact and law still predominate. Moreover, Defendant's failure to keep accurate records of consent should not prejudice Plaintiff, nor preclude class certification. Therefore, as outlined in Plaintiff's opening brief, common issues of law and fact predominate, and the Court should grant class certification.[6]

## IV.    The putative class is ascertainable.

Finally, Defendant asserts because the proposed class definition lacks objective criteria by which to determine membership, and is therefore unascertainable. Defendant is mistaken. To

---

[5] *CE Design Ltd. v. King Architectural Metals, Inc.*, 271 F.R.D. 595 (N.D.Ill.2010) was ultimately reversed and remanded on unrelated grounds.

[6] Defendant submits twelve affidavits from clients who purportedly (a) provided prior express permission to receive fax advertisements, and (b) received non-advertisement faxes. Doc. 72, pp. 19-20. Notably, these affidavits were produced after discovery had closed. Moreover, Defendant's assertion that the affidavits are "overwhelming evidence of consent from putative class members" is belied by the simple fact that there are only twelve affidavits in a class of thousands. Moreover, the Seventh Circuit has been clear that determinations over the membership of the class can be made in the damages stage of the litigation, and should not affect the class certification stage. *See Mullins v. Direct Digital*, *LLC*, 795 F.3d 654, 671 (7th Cir.2015).

satisfy the ascertainability requirement, the plaintiff need only propose a class that is "precise enough to enable the court to determine whether at any given time a particular individual is or is not a member of the class." *Reliable Money Order, Inc. v. McKnight Sales Co.*, 281 F.R.D. 327, 331 (E.D. Wis. 2012) aff'd, 704 F.3d 489 (7th Cir. 2013) (citations omitted). "[A] class is sufficiently definite if its members can be ascertained by reference to objective criteria and may be defined by reference to defendants' conduct." *Id.* As the Seventh Circuit has outlined, a class is ascertainable when the class definition (1) identifies a particular group of individuals (2) harmed in a particular way (3) during a specific period in particular areas. *See Mullins v. Direct Digital*, LLC, 795 F.3d 654, 660-61 (7th Cir.2015).

In the case at bar, the proposed class definition (1) identifies a particular group of individuals ("all persons in Defendant's 'central file' or 'dead file' databases) (2) harmed in a particular way ("who were successfully sent on or more facsimiles . . . from Defendant The Emery Wilson Corporation, d/b/a Sterling Management Systems advertising its goods and services") during a specific period ("in the four years prior to April 3, 2014"). Indeed, Plaintiff has created an objective criteria by which the Court may determine class membership – whether or not the members of the "central file" or "dead file" databases received a fax "advertisement," in violation of the TCPA. Thus, Plaintiff has satisfied the ascertainability requirement of the Court's class certification analysis.

Defendant argues that "[w]hat qualifies as an advertisement is not objectively verifiable because [Defendants] sent a variety of faxes." Doc. 72, pp. 20. Defendant is essentially arguing that, because they sent a number of different faxes, there is not a reliable and administratively feasible way to determine whether a particular person is a member of the class. The Seventh Circuit has rejected this heightened ascertainability standard. *See Mullins v. Direct Digital*, LLC,

795 F.3d 654, 660-61 (7th Cir. 2015).[7] Thus, it is clear that Defendant's argument is without merit, Plaintiff's proposed class is ascertainable, and this Court should grant Plaintiff's Motion for Class Certification.

## CONCLUSION

The proposed Class meets the requirements of Rules 23(a), (b) (3) and (g). Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.

Dated: November 20, 2015                    Respectfully submitted,


                                            s/ Christopher P.T. Tourek
                                            One of the Attorneys for Plaintiff


Robert J. Sprague                           Phillip A. Bock
SPRAGUE and URBAN                           James M. Smith
26 E. Washington Street                     Christopher P.T. Tourek
Belleville, IL 62220                        BOCK & HATCH, LLC
Telephone: 618/233-8383                     134 N. La Salle St., Suite 1000
                                            Chicago, IL 60602
                                            Phone: (312) 658-5500
                                            Fax: (312) 658-5555

---

[7] Defendant also argues that the class administration process will be unmanageable because Defendant did not record the putative class members' consent to receive faxes. Doc. 72, p. 20. Courts in the Seventh Circuit, however, have been clear that "consent" is a "defense to liability under the TCPA, and the class definition need not negate the possibility of a successful defense as to the merits of the claim … [h]ow many, (if any) of the class members have a valid claim is the issue to be determined *after* the class is certified." *Chapman v. Wagener Equities, Inc.*, No. 09 C 07299, 2014 WL 540250, at *5 (N.D. Ill. Feb. 11, 2014) leave to appeal denied sub nom. Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities Inc., 747 F.3d 489 (7th Cir. 2014). Thus, it is Defendant's burden to demonstrate consent of the putative class members, and something that should occur after the class is certified. Defendant's inability to do so, due to its failure to keep adequate records, holds no bearing on the current proceedings. *See Mullins v. Direct Digital*, LLC, 795 F.3d 654, 668 (7th Cir.2015) (collecting cases). Moreover, the Seventh Circuit has been clear that it "the well-settled presumption that courts should not refuse to certify a class merely on the basis of manageability concerns." *Id.* at 663.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2015, I caused the foregoing to be filed using the Court's CM/ECF System which will send notification of such filing to all counsel of record.

<u>/s/ Christopher P.T. Tourek</u>