IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR. ROBERT L. MEINDERS D.C., LTD, Individually and as the Representative of a Class of Similarly Situated Persons,<br><br>Plaintiff,<br><br>vs.<br><br>EMERY WILSON CORPORATION d/b/a STERLING MANAGEMENT SYSTEMS,<br><br>Defendant. | Case No. 14-CV-596-SMY-SCW |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dr. Robert L. Meinders D.C., LTD ("Meinders") seeks final approval of a class action settlement, attorney's fees and costs, and an incentive award (Doc. 111). The Court held a final fairness hearing on May 10, 2017. For the following reasons and those stated on the record, Plaintiff's motion is **DENIED**.

## BACKGROUND

Meinders filed a two-count Class Action Complaint against Defendant Emery Wilson Corporation d/b/a Sterling Management Systems ("Sterling") and John Does 1-12, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1) and common law conversion. He moved to certify the class on September 9, 2015 (Doc. 68). The Court subsequently granted class certification, appointed Meinders Class Representative, and appointed the law firm, Bock & Hatch, Class Counsel (Doc. 84). Sterling unsuccessfully sought leave to appeal class certification from the Seventh Circuit (Doc. 92). Thereafter, the

1

parties mediated the case, and on December 27, 2016, notified the Court that they had reached an agreement to settle (Doc. 100). On January 11, 2017, following a hearing, the Court entered an Order preliminarily approving the class action settlement (Doc. 107).

The class consists of 13,915 persons and entities who received facsimiles from Sterling promoting its goods and services between April 3, 2010 and April 3, 2014. Under the terms of the Settlement Agreement (Doc. 100-1), Sterling agreed to make up to $695,750 available (the "Settlement Fund") from which each class member who submitted a timely and valid claim would receive $50.00. Any portion of the Settlement Fund not paid to class members, Class Counsel and the Class Representative is to revert to Sterling. The Agreement further provides that the parties settled the case on a "common fund basis" and that Class Counsel will be paid attorney's fees of $231,916.67 (1/3 of the Settlement Fund) plus costs/expenses up to $25,000, and that as Class Representative, Meinders will receive a $15,000 incentive award. Sterling agreed not to object to Class Counsel's requested attorney's fees, costs and expenses or the incentive award.

Notice of the proposed settlement was sent to class members by fax and by first class mail if the facsimile transmission was unsuccessful after three attempts. 9,900 class members were successfully notified by fax and 2,536 were notified by mail. To date, of the 12,436 class members notified, only 1,165 valid claims have been submitted.[1] No objections to the settlement have been filed and 15 class members have requested to be excluded from the settlement (Doc. 111-2).

---

[1] Pursuant to the Notice, Claimants have until May 26, 2017, to submit claims. During the final fairness hearing Class Counsel indicated that an additional 20 class members had submitted claims since the motion for final approval was filed.

2

**DISCUSSION**

A district court must "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279-80 (7th Cir. 2002). This is due in part to the potential for collusion. Thus, a court may approve a class action settlement only if, after proper notice and a public a hearing, it determines that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(3).

In determining whether a proposed settlement satisfies the dictates of Rule 23(e)(3), courts typically consider the following factors: the strength of plaintiff's case compared to the amount of defendant's settlement offer; an assessment of the likely complexity, length and expense of further litigation; an evaluation of the amount of opposition to settlement among affected parties; the opinion of competent counsel; and the stage of the proceedings and the amount of discovery completed at the time of settlement. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006). In this case, a discussion regarding specific provisions of the Settlement Agreement and their combined effect on this Court's reasonableness analysis is also warranted.

First, the Settlement Fund, in all actuality, is nothing more than Sterling's *promise to make up to* $695,750 available to fund the settlement. Significantly, the Settlement Agreement also contains a reversionary or "kick-back" clause by which the portion of the Settlement Fund that remains after class member payments and the disbursement of attorney's fees, costs and incentive award, reverts to Sterling. During the final fairness hearing, counsel for both parties acknowledged that neither party expected that the entire Settlement Fund, or even a significant portion of the fund, would ultimately be paid out. At this point, 1,165 valid claims

(approximately 9%) have been submitted, resulting in a relatively small class payment of $58,250.00.

Conversely, Class Counsel would receive almost four times the total amount to be paid to the class…specifically, $231,916.67 (an amount that Sterling has contractually agreed not to oppose) and Sterling would be obligated to pay out less than half of the Settlement Fund. Under this scenario, Class Counsel and Sterling benefit greatly; the class…not so much.

Turning to the specific *Synfuel* factors, although Plaintiff's claims are relatively strong (having survived class certification and an interlocutory appeal), the proposed settlement provides for a maximum recovery of $50.00 per class member. At the same time, Sterling's primary, if not sole defense to the class member's claims requires that it prove consent to receiving the facsimiles. However, any records that would establish prior consent have been destroyed. Therefore, if this matter proceeds to trial, each class member could potentially recover statutory damages of $500.00 plus treble damages if willful violations are proven.

Nevertheless, Class Counsel opine that the proposed settlement is fair and reasonable. Counsels' opinion, however, merits little weight, as it is evident that their pecuniary interests are the driving force behind the proposed settlement. The Court acknowledges that no class members have objected to the settlement and that only 15 have opted out. However, a low opt-out rate alone does not establish that a class action settlement is "fair" to the members of the class. *See Eubank v. Pella Corp.*, 753 F.3d 718, 728 (7th Cir. 2014).

Finally, with respect to the extent of discovery completed and the stage of the proceedings, the Court notes that a significant amount of discovery has been completed and the class has been certified. That being the case, in light of the other relevant considerations, the

length and expense of further litigation do not militate in favor of settlement under the proposed terms.

As the Seventh Circuit has repeatedly observed, the very structure of class actions "gives class action lawyers an incentive to negotiate settlements that enrich themselves but give scant reward to class members, while at the same time the burden of responding to class plaintiffs' discovery demands gives defendants an incentive to agree to early settlement that may treat the class action lawyers better than the class." *Thorogood v. Sears, Roebuck & Co.*, 627 F.3d 289, 293 (7th Cir. 2010) (emphasis omitted). The proposed settlement in this case fits the bill and is simply untenable. Accordingly, Plaintiff's motion for final approval is denied without prejudice.

This case shall be reset for final pre-trial conference on **November 22, 2017, at 1:30 p.m**. and jury trial on **December 11, 2017, at 9:00 a.m**. in the Benton Courthouse before the undersigned. Further, this matter is **REFERRED** to Magistrate Judge Stephen Williams for the entry of a Revised Scheduling Order to enable the parties to accomplish any additional discovery needed in order to prepare for trial.

**IT IS SO ORDERED.**

**DATED: May 25, 2017**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**
