## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS,

| | | |
|---|---|---|
| DR. ROBERT L. MEINDERS, D.C., LTD., individually and as the representative of a class of similarly situated persons, | ) ) ) | |
| | ) | Case No. 14-cv-00596 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Staci M. Yandle |
| | ) | |
| THE EMERY WILSON CORPORATION, d/b/a STERLING MANAGEMENT SYSTEMS, and JOHN DOES 1-12, | ) ) ) | Magistrate Judge Stephen C. Williams |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S AGREED MOTION FOR PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT AND NOTICE TO THE SETTLEMENT CLASS

Plaintiff, Dr. Robert L. Meinders, D.C., Ltd. ("Plaintiff"), on behalf of itself and a class of similarly-situated persons (identified herein as the "Settlement Class"), pursuant to Fed. R. Civ. P. 23 (e), respectfully requests that the Court enter an order (1) preliminarily approving the parties' proposed class action Revised Settlement Agreement (the "Agreement") attached hereto as Exhibit A, (2) preliminarily approving the form of Class Notice attached as Exhibit 2 to the Agreement and approving its dissemination to the Settlement Class by facsimile, and mail if facsimile is unsuccessful, and (3) setting dates for opt-outs, objections, and a fairness hearing. A proposed Preliminary Approval Order is attached as Exhibit 1 to the Agreement and will be submitted to the Court electronically after the hearing.

I.    **Background and summary of settlement.**

1.    Plaintiff alleges on behalf of itself and a certified class that The Emery Wilson Corporation d/b/a Sterling Management Systems ("Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and certain state laws by faxing advertisements without the prior express invitation or permission of Plaintiff or the class members or without a valid opt-out notice. Defendant has denied all liability for the claims made by Plaintiff.

2.    Through analysis of available records, Plaintiff determined that Defendant sent or may have sent facsimile advertisements to 13,915 unique fax numbers between April 3, 2010 and April 3, 2014.

3.    Without admitting or conceding any wrongdoing, Defendant initially agreed to settle for a reversionary fund under which class members would be paid at most their *pro rata* share of the full fund ($50.00), and all unclaimed funds not paid for fees, expenses, or claims would revert to Defendant. The Court did not approve this settlement and encouraged the parties to renegotiate.

4.    Following such process, Defendant has agreed to settle with Plaintiff and the Settlement Class by paying $330,000.00 without any chance of reversion to fund the settlement of this matter. All of this sum will be paid out; none will revert to Defendant. The Parties reached this agreement after reviewing and analyzing the legal and factual issues presented by this action, the risks and expenses involved in pursuing the lawsuit to conclusion, the likelihood of protracted litigation, and the likelihood, costs, the likelihood of collecting a possible judgment,

2

and possible outcomes of one or more procedural and substantive appeals. The key consideration remains the Defendant's limited ability to pay.

5.    The Settlement was negotiated among the Parties, through counsel, in good faith and at arms' length.

6.    The Agreement's key terms follow:

(a)    <u>Certification of a Settlement Class</u>. The Parties stipulate to certification pursuant to Rule 23 (b) (3) of the following "Settlement Class:" "All persons to whom The Emery Wilson Corporation d/b/a Sterling Management Systems sent a facsimile promoting its goods or services between April 3, 2010 and April 3, 2014.'" Agreement at ¶ 3. Excluded from the Settlement Class are (a) Defendant and its present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers. *Id.*

(b)    <u>Class Counsel and Representative Plaintiff</u>. The parties have agreed that Plaintiff will be the Class Representative and that Phillip A. Bock of Bock & Hatch, LLC and Robert J. Sprague of Sprague & Urban will be Class Counsel. *Id.*

(c)    <u>Monetary Relief to the Members of the Settlement Class</u>. Defendant has agreed to create a settlement fund of $330,000.00 (the "Settlement Fund"). Agreement at ¶ 5. Pursuant to the terms of the settlement, each class member who submits a timely and valid claim form will be sent a check for their pro rata share of the Settlement Fund, less the

3

amounts awarded for attorney's fees, expenses, and incentive award. Agreement at ¶ 8. Class members who submitted valid claims under the prior settlement in this action shall be considered to have submitted a claim under this settlement and need not submit a second Claim Form. *Id.*

(d)     Class Notice. The parties have agreed to notify the Settlement Class about the settlement by sending the notice and claim form by facsimile and if facsimile is unsuccessful, then by mail. Agreement at ¶ 7. The notice includes instructions about opting out, objecting, or submitting a claim form by fax or mail to Class Counsel. Agreement at Ex. 2.

(e)     Claims. A company called Class-settlement.com shall serve as the settlement administrator, issuing the notices, assisting the class members in completing claim forms, receiving and processing the claim forms, and sending checks to the claimants if the Court approves the Settlement.  Agreement at ¶ 6.

(f)     Cy Pres Award From Uncashed Checks. Should there be any money left in the Settlement Fund from one or more claiming class members not negotiating/cashing claims checks within  180 days, such left over balance of the Settlement Fund shall be paid as cy pres to Prairie State Legal Services. Agreement at ¶ 9.

(g)     Settlement Class Opt-Out and Objection Rights. A class member may seek to be excluded from the Agreement by opting out of the Settlement Class within the time period set by the Court. Agreement at ¶ 11 and Ex. 2.

4

The parties suggest a sixty (60) day period. *Id.* Any member who opts out of the Class shall not be bound by any of the Court's orders or the terms of the Agreement and shall not be entitled to any of the benefits set forth in the Agreement. Any class member may also object to the Agreement in writing within the time period set by the Court. Agreement at ¶ 10 and Ex. 2. The parties again suggest a sixty (60) day period. *Id.*

(h)   <u>Releases</u>. In consideration of the relief provided by the Settlement, the Settlement Class will release all claims that were brought or could have been brought, as defined in the Agreement, in this action against Defendant and the other released parties. Agreement at ¶ 17. Defendant will also release claims against Plaintiff. *Id.*

(i)   <u>Incentive Award and Attorney's Fees and Costs</u>. At the final approval hearing, after the Class is notified, Class Counsel will ask the Court to approve an award of $5,000.00 from the Settlement Fund to Plaintiff for serving as the class representative. Agreement at ¶ 13. Class Counsel will apply to the Court to approve an award of attorney's fees equal to one third of the Settlement Fund ($110,000.00), plus reasonable out-of-pocket expenses (including the cost of third-party settlement administration) of $35,000.00, to be paid from the Settlement Fund. *Id.* Defendant has agreed to pay these amounts and does not object to these requests. *Id.*

## II.   The Court should grant preliminary approval to the settlement.

### A.   The proposed settlement is within the range of possible approval.

7.   A district court's review of a proposed Class Action Settlement is

typically a two-step process. *Armstrong v. Board of School Directors of City of Milwaukee*, 616 F. 2d 305,314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F. 3d 873 (7th Cir. 1998). The first step is to hold a preliminary fairness hearing prior to notifying the class members about the proposed settlement. *Id.* The purpose of that preliminary hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979). *See also Carnegie v. Household International, Inc.* 371 F. Supp. 954, 955 (N.D. Ill. 2005) (hearing is to "determine whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing").

### B.   Standard for judicial evaluation and approval.

8.     A court may approve a settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C). *See Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006); *DHL v. Thoroughbred Technology + Telecom.*, 309 F.3d 978, 986 (7th Cir. 2002). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). If the Court finds that the settlement falls "within the range of possible approval," the Court should grant preliminary approval and authorize the parties to notify the class members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

**C.    Factors considered in determining whether a settlement is fair, reasonable, and adequate.**

9.    The factors considered are: (1) the strength of the Plaintiff's case on the merits compared to the amount of the settlement; (2) the defendant's ability to pay; (3) the likely complexity, length and expense of further litigation; (4) opposition to the settlement from members of the class; (5) evidence of collusion; (6) opinions of counsel; (7) the stage of the proceedings and the amount of discovery completed at the time of settlement; and (8) the public interest. *Isby v. Bayh*, 75 F.3d 1191, 1198-1199 (7th Cir. 1996).

10.    In this case, these factors show that the proposed settlement is within the range of possible approval. Defendant has agreed to create a settlement fund of $330,000.00. Agreement at ¶ 5. Each class member who does not opt-out of the Settlement Class and who submits a timely and valid claim form will be mailed a check for their *pro rata* share of the Settlement Fund less attorney's fees, expenses, and incentive award. Agreement at ¶ 8. Class members who submitted claims with the original settlement are considered to have already submitted claims. *Id.* If the settlement and all amounts are approved and the prior claimants remain the only claimants, each claimant would receive approximately $150.00. Therefore, the Court should permit the parties to notify the Settlement Class and the Court should schedule a fairness hearing to determine whether to finally approve the settlement.

11.    <u>Strength of the Case on the Merits</u>. Plaintiff believes that it has a strong case. The class was certified, and the case was to be set for trial. Defendant believes it is likely to prevail at trial in demonstrating that Plaintiff consented to

receive the fax at issue. Plaintiff believes, however, that it would ultimately overcome the consent and proof of transmission defenses proffered by Defendant. Nevertheless, trials are unpredictable. The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500.00 in damages, or (iii) obtain an injunction plus damages. Thus, a victory by Plaintiff and the class could result in a judgment amount of $6,957,500.00 based on the potential size of the class. In the revised settlement, each class member who does not opt-out of this proposed settlement and who submits a timely and valid claim form will receive a cash payment of their share of the full Settlement Fund. Agreement at ¶ 8. Any money remaining in the Fund as a result of checks issued to claimants but not cashed is to be given to charity as *cy pres.* None of the Settlement Fund will revert to or be retained by Defendant.

12.   <u>Defendant's Ability to Pay</u>. As with the original settlement, Defendant's ability to pay a settlement or judgment is the key driving factor in settlement. Defendant shared its financial information with Plaintiff's counsel as part of the mediation process and again as part of renegotiation following denial of final approval of the original settlement. Based on that information, including the negative changes over time, Plaintiff has concluded that it is unlikely that Defendant would ever be in a position to be able to pay more than in this settlement.

13.   <u>Complexity, Length and Expense of Further Litigation</u>. Class action litigation, especially cases involving numerous or complex issues, is time consuming

in terms of both pretrial and trial work. Because of the significant costs that class actions can involve for both parties, courts consider the savings that would result from settlement of the case. *Isby*, 75 F. 3d at 1198-99 (holding that settlement was outcome "comparable if not far superior," to that which the Plaintiffs might achieve at trial because continuous litigation would require "resolution of many difficult and complex issues, and would entail considerable additional expense") (quoting *Tafia v. Bayh*, 746 F. Supp. 723, 727 (N.D. Ind. 1994)). There are risks attendant to further litigation in this matter, and substantial delay and expense. The decision to settle is reasonable in light of the risks of continued litigation. After the conclusion of the trial, there would undoubtedly be appellate practice. Settlement avoids all of that time, expense and uncertainty.

14.    <u>Opposition to the Settlement</u>.  There was no opposition to the prior settlement by the class members and Plaintiff does not know of or anticipate any opposition to the revised settlement.

15.    <u>Absence of Collusion and Opinion of Counsel</u>. The Agreement resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case. Plaintiff's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiff's attorneys have litigated TCPA class actions since 2003. They have been appointed class counsel in several such cases. *See Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa.); *Van Sweden v. 101 VT, Inc.*, Case No. 10-CV-253 (W.D. Mich); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.); *Hinman v.*

*M&M Rental, Inc.*, Case No. 06-CV-1156 (N.D. Ill.); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill.); *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, Case No. 10-CV-331 (E.D. Wis.); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08-CV-5953 (N.D. Ill.); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09-CV-0776 (N.D. Ill.); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09-CV-1399 (N.D. Ill.); *Holtzman v. CCH*, 07-CV-7033 (N.D. Ill.); *CE Design, Ltd. v. Exterior Systems, Inc.*, 07-CV-66 (N.D. Ill.). Additionally, Plaintiff counsel have successfully negotiated numerous class-wide settlements in TCPA cases. *Id.* Under these circumstances, the Court should give weight to Class Counsel's opinions about the settlement.

16.  <u>The Stage of Proceedings and the Amount of Discovery Completed</u>. This case is sufficiently advanced for the parties to be able to appreciate the strengths and weaknesses of their respective cases and of factors such as the Defendant's ability to pay a settlement or judgment. Plaintiff was able to identify each of the class members through discovery and identify the circumstances surrounding the subject faxing campaign. As a result, the parties have compiled necessary discovery, and exchanged documents and data sufficient for Plaintiff and its attorneys to evaluate the strength of this case.

17.  <u>Public Interest</u>. Courts have held that a settlement of class action litigation serves the public interest. *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir. 1980).

18.  Based upon the foregoing, and the judgment of experienced class

counsel, Plaintiff requests that the Court preliminarily approve the settlement.

**III.   At final approval, Class Counsel will ask the Court to approve Defendant's agreement to pay Class Counsel's fees and expenses, and an incentive award to Plaintiff.**

19.     At final approval, Class Counsel will request that the Court approve Defendant's payment to Plaintiff in the amount of $5,000.00 from the Settlement Fund for serving as the class representative.

20.     Incentive fees are appropriate to reward class representatives who have pursued claims on behalf of the class. *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the Plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the Plaintiff expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

21.     Plaintiff was the catalyst of this case. Specifically, Dr. Meinders worked with counsel to file the complaint, answered discovery, and litigated the case with Class Counsel over the three-year course of this action. Its efforts greatly benefited the Class. Class Counsel requests that the Court award Plaintiff an incentive payment of $5,000.00 for its efforts on behalf of the class. Judges have approved similar awards. *See, e.g., The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill.); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-CV-10010 (E.D. Mich.).

22.     Additionally, at final approval, Class Counsel will request that the Court approve Defendant's agreement to pay attorneys' fees equal to one third of

11

the non-reversionary Settlement Fund. This amount is within the approved range in class actions. *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005) (approving award of fees equal to 30% of $7.25 million settlement plus $111,054.06 in expenses and citing with approval a submission showing thirteen cases in the Northern District with awards of 30-39% of recoveries in class actions).

23.     The Seventh Circuit recognizes that the attorneys' contingent risk is an important factor in determining the fee award. *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994); *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998). It is well-settled that the attorneys who create a benefit for class members are entitled to compensation for their services. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980). "When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund." *Gaskill*, 160 F.3d at 362-63 (affirming award of 38% of $20 million), *citing Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984).

24.     Where lawyers working on a contingency basis in the relevant community typically charge one-third of any recovery to a private client, this shows that a similar fee is appropriate in a contingency class action. *Id.*; *see also* ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 13:80 (4th ed. Updated June 2008).

25.     Here, Class Counsel's request for one third of the Settlement Fund is within the market rate for TCPA cases. *See* cases cited in paragraph 15 above.

26.     Defendant has agreed to pay a fair and reasonable amount equal to

one third of the Settlement Fund ($110,000.00) plus reasonable out-of-pocket expenses of $35,000.00. Class Counsel undertook this case on a contingency basis, and achieved an excellent result in a fair and efficient manner.

27.    Class Counsel resolved this case through unique capabilities from their years of experience in these types of cases. As indicated above, Class Counsel have been litigating TCPA class actions since 2003, and have litigated class actions for many more years.

28.    If the Court finds that the settlement is fair, reasonable, and adequate, then Class Counsel will ask the Court to approve the payment of fees to Class Counsel in an amount equal to one third of the Settlement Fund.

## IV.    The Court should approve notice to the Settlement Class.

29.    The parties propose to issue notice by facsimile, and if the facsimile fails, then by mail to the Settlement Class. A copy of the proposed notice is attached as Exhibit 2 to the Agreement.

30.    Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

31.    Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it to the fax numbers in question, and then if necessary by mail to the

addresses contained in the Database referred to in the Agreement. The simple, one-page claim form will be delivered with the notice, so that members of the Class can complete a claim form and return it immediately by fax or mail if they choose.

32.    The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." Here, the notice satisfies these requirements. Agreement at Ex. 2.

33.    The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and authorize its dissemination to the Class.

## V.    The Court should schedule a final fairness hearing.

34.    Plaintiff requests that the Court schedule a final fairness hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the Agreement.

## VI.    Conclusion.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit 1 to the Agreement, granting preliminary approval of the proposed settlement, directing that the

members of the Settlement Class be notified about the proposed settlement in the

form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting

dates for opt-outs, objections, and a final approval hearing.

By:  /s/ Phillip A. Bock

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
Daniel J. Cohen
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile: 312-658-5555

Robert J. Sprague
Sprague & Urban
26 E. Washington Street
Belleville, IL 62220
Telephone: 618-233-8383

<u>**CERTIFICATE OF SERVICE**</u>

I am an attorney of record in this case. I hereby certify that on August 29, 2017 I caused a copy of the foregoing to be filed via the Court's ECF filing system, whereupon all counsel of record were served.

<u>/s/ Phillip A. Bock</u>
Attorney for Plaintiff