**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DR. ROBERT L. MEINDERS D.C., LTD,** )<br>**Individually and as the Representative of a** )<br>**Class of Similarly Situated Persons,** )<br>) <br>           **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**EMERY WILSON CORPORATION** )<br>**d/b/a STERLING MANAGEMENT** )<br>**SYSTEMS,** )<br>)<br>           **Defendant.** ) | Case No. 14-CV-596-SMY-SCW |

## FINAL APPROVAL ORDER AND JUDGMENT

**YANDLE, District Judge:**

The Parties' proposed class action settlement coming before the Court for a fairness hearing on February 5, 2018, at which all persons were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms,

**IT IS HEREBY ORDERED THAT:**

1.  For the purposes of this Final Approval Order and Judgment ("Final Approval Order and Judgment"), the Court adopts by reference the defined terms set forth in the Parties' Revised Settlement Agreement (the "Settlement Agreement"), attached as Exhibit A to the Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class, filed with the Court on September 20, 2017.

2.  This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and

adequate, and in the best interests of all those affected by it. Any timely objections that were filed have been considered and are overruled. Accordingly, this Final Approval Order and Judgment binds all members of the Settlement Class who did not opt out.

3. This Court has jurisdiction over plaintiff, Dr. Robert L. Meinders, D.C., Ltd. ("Plaintiff"), the members of the Settlement Class, defendant The Emery Wilson Corporation d/b/a Sterling Management Systems ("Defendant"), and the claims asserted in this lawsuit. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Settlement Class, and Defendant to determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their consummation, administration, implementation, interpretation, construction, or enforcement.

4. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

## Class Certification

5. On September 20, 2017, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled Order Preliminarily Approving Class Action Settlement and Class Notice (the "Preliminary Approval Order").

6. The Preliminary Approval Order certified the following class solely for purposes of settlement: "All persons to whom The Emery Wilson Corporation d/b/a Sterling Management Systems sent a facsimile promoting its goods or services between April 3, 2010 and April 3, 2014" (the "Settlement Class"). In the Settlement Agreement, the Parties agreed that this is a proper class definition solely for purposes of settlement. Excluded from the Settlement Class are (a) the Defendant and its present and former officers, directors, employees, shareholders,

insurers, and their successors, heirs, assigns, and legal representatives; (b) the Court and its officers; and (c) all persons who opted out of the settlement by timely submitting their opt out request.

7.  The Preliminary Approval Order also appointed Plaintiff as the Class Representative and appointed Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC and Robert J. Sprague of Sprague & Urban as Class Counsel.

## Class Notice

8.  Plaintiff submitted the affidavit of Dorothy Sue Merryman to demonstrate that the Notice of Class Action Settlement and Attached Proof of Claim Form (the "Notice") was sent to the fax numbers identified in the telephone records obtained in the Litigation, and sent if reasonably possible to the members of the Settlement Class for whom fax notice was unsuccessful, as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was published fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

9.  No members of the Class filed objections to the settlement.

10. The following persons have requested exclusion and are hereby excluded from the Settlement Class and this case: Midwest Dental also d/b/a Merit Dental & Mondovi Dental; Formoli Dental Practice, Inc.; David A. Reumont, CPA, PC; Kari L. Sakurai, D.D.S., Inc.; Castaic Family Chiropractic; George A. Malnati, D.V.M., M.S.; Shannelle We; Scott Scharer; Sheldon M. Graves, D.D.S.; Gary Mintz, DDS, PC; Atlanta Dental Center; Century Electric LLC; Sue Rabin; Hughes Physical Therapy Clinic; James M. Fakler, D.D.S.; Dr. William

Richards; Joseph J. Lawless, O.D.; Langel Chiropractic Clinic, P.C.; Vicente C. Claudio, DDS; Bindu Patel, O.D., PA; Pine Grove Tax & Accounting, L.P.; Jay S. Herrington, D.D.S.; Mark Masunaga; and Gloria M. Raitu, D.D.S.

## Class Compensation

11. Defendant has created a settlement fund totaling $330,000.00 (the "Settlement Fund") and made it available to pay Settlement Class member claims, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees and reasonable litigation expenses, including the costs of notifying the Settlement Class and administering the Settlement Fund.

12. As the Parties agreed in the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be paid their *pro rata* share of the Settlement Fund less the awards of attorney's fees, expenses, and incentive award approved herein. The Settlement Administrator will cause those checks to be mailed after receiving the funds from Defendant, pursuant to the Settlement Agreement. As agreed between the parties, checks issued to the class members will be void 181 days after issuance.

13. Any money remaining in the Settlement Fund as a result of checks issued to class members not being cashed within 180 days of issuance shall be paid as *cy pres* award to Prairie State Legal Services.

## Awards of Incentive Award and Attorneys' Fees and Costs

14. Pursuant to the Settlement Agreement, the Court approves and awards a $5,000.00 incentive award to Plaintiff for serving as the Class Representative in this matter. Defendant will pay that amount from the Settlement Fund in accordance with the Settlement Agreement. If payment by Defendant is late, Defendant shall pay interest on the amount due at the Illinois statutory interest rate of 9% per annum.

15. Pursuant to the Settlement Agreement, the Court approves and awards attorneys' fees to Class Counsel in the amount of $110,000.00 (one third of the Settlement Fund), plus up to $42,000 for reasonable litigation expenses including the costs of notifying the Settlement Class and administering the Settlement Fund. Defendant will pay those amounts from the Settlement Fund in accordance with the Settlement Agreement. If payment by Defendant is late, Defendant shall pay interest on the amount due at the Illinois statutory interest rate of 9% per annum.

### Prospective Relief

16. Defendant is hereby required to use reasonable best efforts to avoid and prevent any future violation of the TCPA.

### Releases and Dismissal

17. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Settlement Class), and without fees or costs except as provided above.

18. The Plaintiff and all members of the Settlement Class who have not timely and effectively requested exclusion from the Settlement Class shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against Defendant pursuant to the terms of the releases set forth in the Settlement Agreement.

19. The Court bars and permanently enjoins Plaintiff and all members of the Settlement Class who have not timely and effectively requested exclusion from the Settlement Class, from instituting or prosecuting any action or proceeding, whether as a class or as an

individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

### Defendant's Denial of Liability

20. The Court notes that Defendant denies any liability to Plaintiff or to the Settlement Class for any matter whatsoever. Without conceding any infirmity in its defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Litigation be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Litigation.

### Other Provisions

21. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

22. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

23. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

24. Class Counsel is hereby **ORDERED** to file a final report regarding the distribution of the Settlement Fund within 30 days of payment of the *cy pres* award.

**IT IS SO ORDERED.**

**DATED: February 5, 2018**

                                                **s/ Staci M. Yandle**
                                                STACI M. YANDLE

**United States District Judge**
Honorable Staci Yandle